IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MODTRUSS, INC., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | 1:16-CV-1317-ELR |
| | * | |
| BATTLEFROG LLC, | * | |
| | * | |
| Defendant. | * | |
| | * | |

**O R D E R**

On April 22, 2016, Plaintiff filed a complaint alleging claims for willful patent infringement; trade dress infringement; unfair competition pursuant to state and federal law; unjust enrichment; misappropriation and conversion. (Doc. No. 1). Plaintiff also filed a motion for a temporary restraining order ("TRO") and preliminary injunction. (Doc. No. 5). The Court scheduled a hearing on Plaintiff's motion for a TRO and preliminary injunction. (Doc. No. 10).

While the briefing on Plaintiff's motion for TRO and preliminary injunction was underway, Defendant filed a motion to dismiss. (Doc. No. 23). On May 25, 2016, the Court held a hearing on Plaintiff's motion for TRO and preliminary

injunction. (Doc. No. 32). The Court did not address Defendant's pending motion to dismiss because it was not yet ripe.

Thereafter, on June 3, 2016, Plaintiff filed a response to Defendant's motion to dismiss. (Doc. No. 35). On this same day, Plaintiff and Defendant filed a Consent Motion to Stay, (Doc. No. 36), in which they ask the Court to stay discovery until the Court rules on Defendant's pending motion to dismiss (Doc. No. 23).

Finally, later that same day, Plaintiff filed a First Amended Complaint. (Doc. No. 37). This amended complaint brings the same claims against Defendant as the original complaint except for one additional claim of patent infringement. (Id. at "Count IX, Battlefrog's Infringement of the '425 Patent").[1]

Pursuant to Fed. R. Civ. P. 15(a)(1)(B), Plaintiff was allowed to amend its complaint as a matter of course. The wrinkle, however, is what happens to the pending motions.

> As a general matter, "[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER, 463 F.3d 1210, 1215 (11th Cir.2006) (citation and quotation omitted); Fritz v. Standard Sec. Life Ins. Co., 676 F.2d 1356, 1358 (11th Cir.1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint.").

---

[1] Interestingly, this additional Count IX appears to be the same as Plaintiff's Count I for willful patent infringement, except the word "willful" is missing. However, the Court notes that for both Counts I and IX, Plaintiff alleges that Defendant's actions were "deliberate, willful and knowing." Am. Compl. ¶¶ 89, 126.

Pintando v. Miami-Dade Hous. Agency, 501 F.3d 1241, 1243 (11th Cir. 2007). Thus, by the filing of Plaintiff's amended complaint, the amended complaint now governs this action. Defendant moves to dismiss claims in the original complaint, claims which are no longer pending. Accordingly, Defendant's motion to dismiss is moot because the original complaint is moot. See, e.g., Kennebrew v. Cobb Cty. Sch. Dist., No. 115CV02495RWSCMS, 2016 WL 1569118, at *3 (N.D. Ga. Mar. 17, 2016), report and recommendation adopted, No. 1:15-CV-2495-RWS, 2016 WL 1557224 (N.D. Ga. Apr. 18, 2016) ("Defendant's motion to dismiss Plaintiff's original complaint has been rendered moot by the timely filing of Plaintiff's Amended Complaint."); Graham v. Copco, No. CIV.A. 13-00249-CG-B, 2013 WL 5287613, at *1 (S.D. Ala. July 10, 2013) ("Because Plaintiff's amended complaint is now the operative pleading in this action; Defendants' motion [to dismiss] is moot."); Robert L. Franklin Tr. of Glob. Liquidating Trust v. Consus Ethanol, LLC, No. 1:11-CV-4062-TWT, 2012 WL 3779093, at *2 (N.D. Ga. Aug. 29, 2012) (finding that because the plaintiff filed an amended complaint after the defendant filed a motion to dismiss the original complaint, the defendant's motion to dismiss is moot).

However, the parties asked for a stay of discovery so that the Court could rule on Defendant's motion to dismiss while on the same day Plaintiff filed its amended

complaint.[2] This raises the questions of whether Defendant knew that Plaintiff intended to file an amended complaint and whether Defendant intended that its motion to dismiss would apply to Plaintiff's amended complaint.

The additional complication is that Plaintiff's motion for TRO and preliminary injunction is based on allegations in the complaint, which as explained above, are no longer valid in this case because Plaintiff filed an amended complaint. Therefore, Plaintiff's motion for a TRO and preliminary injunction is moot because the underlying arguments are supported by the original complaint, which is now moot. Although Plaintiff states in its amended complaint that it continues to seek injunctive relief, Plaintiff did not file another motion for TRO and preliminary injunction based on the amended complaint.

This interesting lesson in civil procedure aside, the Court is left questioning what the parties intended by their filings and which motions are now pending. Thus, out of an abundance of caution, the Court directs the parties to provide clarification.

First, Defendant is required to respond to Plaintiff's amended complaint. Because the original complaint and the amended complaint are almost identical, minus the addition of Count IX, the Court is unclear if Defendant intends that its motion to dismiss (Doc. No. 23) is to apply to Plaintiff's amended complaint. If that

---

[2] The Court is always appreciative of joint or consent motions. However, the Court asks that when the parties make such a motion, the parties provide a proposed order to the Court attached as an exhibit to their motion.

is Defendant's intent, the Court directs Defendant to file a notice on the docket stating that it moves to dismiss Plaintiff's amended complaint based on the arguments already raised in Doc. No. 23 and to continue with its briefing of the motion by filing a reply within the time allowed by the Local Rules, or inform the Court that it will no longer rely on its motion to dismiss (Doc. No. 23) and will respond separately to Plaintiff's amended complaint. Nothing herein should be construed as confining Defendant to its previously filed motion to dismiss. Defendant may certainly respond however it seems fit to Plaintiff's amended complaint, including filing a new motion to dismiss. The Court is attempting to gain clarification and prevent unnecessary work by the parties. As it stands now, Defendant's motion to dismiss (Doc. No. 23) is moot unless the Court receives further notice.

Second, as for Plaintiff's motion for a TRO and preliminary injunction (Doc. No. 5), the Court directs Plaintiff to file a notice on the docket explaining whether its motion applies to Plaintiff's amended complaint based on the arguments already raised in the motion or whether Plaintiff will file a separate motion for TRO and preliminary injunction based on the allegations in the amended complaint. The Court finds the former option acceptable because the complaint and amended complaint are almost identical. If Plaintiff intends that its motion for a TRO and preliminary injunction (Doc. No. 5) applies to Plaintiff's amended complaint, no

further briefing is necessary as the briefing on Plaintiff's motion is complete. As it stands now, Plaintiff's motion for a TRO and preliminary injunction (Doc. No. 5) is moot unless the Court receives further notice.

Finally, the Court finds that a stay is appropriate in this case, not necessarily for the reasons raised by the parties, but because the Court needs further clarification from the parties before proceeding. Accordingly, the Court **STAYS DISCOVERY** in this case until further notice.

The Court **DIRECTS** the parties to respond to the Court's inquiries as set forth herein within five (5) days from the date of entry of this order.

**SO ORDERED**, this 6th day of June, 2016.

*Eleanor L. Ross*
Eleanor L. Ross
United States District Judge
Northern District of Georgia